Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL II**

| | | |
|---|---|---|
| OSP Consortium, LLC<br><br>Recurrido<br><br>vs.<br><br>Palmas de Lucía, Inc.;<br>Costa del Mar Guest House, Inc.;<br>Maunacaribe, Inc.;<br>Lucía Beach, LLC;<br>Juan López Molina y su esposa María Del Carmen Rodríguez Correa, y la Sociedad Legal de Gananciales compuesta por ambos, y Guánica 1929, Inc.<br><br>Peticionarios | TA2026CE00774 | **CERTIORARI**<br>procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Civil Núm.:<br>HU2018CV00084<br><br>Sobre:<br>Cobro de Dinero y Ejecución de Hipotecas por la Vía Ordinaria; y Ejecución de Gravamen Mobiliario |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Cintrón Cintrón, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 24 de junio de 2026.

Comparece ante nos Palmas de Lucía, Inc. y otros (en adelante, parte peticionaria) y solicitan la revisión de la *Orden* notificada el 12 de junio de 2026 por el Tribunal de Primera Instancia, Sala Superior de Humacao (en adelante, TPI). La decisión aquí recurrida restituyó la Orden de Mandamiento de Ejecución de Sentencia dictada el 18 de mayo de 2026, mediante la cual se decretó la ejecución de todos los bienes de la parte peticionaria que no estén exentos de ser embargados por la suma mínima de $2,816,811.13. En específico, la ejecución de cierto derecho de arrendamiento a favor de los codemandados, el señor Juan López Molina, la señora María del Carmen Rodríguez y la Sociedad Legal

de Gananciales compuesta por ambos. Ello, por concepto de las cuantías que continuaban adeudando a OSP Consortium, LLC (OSP o parte recurrida), bajo la *Sentencia Enmendada* notificada el 5 de diciembre de 2023.

Por los fundamentos que se expondrán a continuación, se deniega la expedición del auto de *certiorari* solicitado.

## I.

Según surge del expediente, el 5 de diciembre de 2023, el TPI notificó una *Sentencia Enmendada*, por medio de la cual ordenó a la parte peticionaria, compuesta por Palmas de Lucía, Inc., Costa del Mar Guest House, Inc., Maunacaribe, Inc., Lucia Beach, LLC, Juan López Molina, su esposa, María Del Carmen Rodríguez Correa y la Sociedad Legal de Gananciales compuesta por ambos (matrimonio López Rodríguez) y Guánica 1929, Inc., de manera conjunta y solidaria, pagar a OSP las cantidades reclamadas en la demanda. Acaecidos los procesos de ejecución de sentencia, se vendieron en pública subasta varios inmuebles que garantizaban la deuda.[1]

No obstante, el 18 de mayo de 2026, OSP presentó una *Solicitud de Ejecución de Sentencia Suplementaria*. En su escrito, alegó que, luego de abonar las mencionadas cantidades a la deuda objeto de la *Sentencia Enmendada*, la parte peticionaria aún le adeudaba una suma no menor de $2,816,811.13. Ante ello, requirió al foro de instancia que expidiera una Orden de Ejecución de Sentencia y Mandamiento de Ejecución de Sentencia, para poder continuar con la ejecución suplementaria de la *Sentencia Enmendada*.

---

[1] La Primera Subasta se celebró el 3 de diciembre de 2024. Las propiedades inmuebles subastadas que garantizaban la deuda objeto de la *Sentencia Enmendada* fueron adjudicadas a OSP de la siguiente manera: (i) $650,000.00 por la finca número 5,836, inscrita al folio 55 del tomo 132 de Yabucoa; (ii) $835,000.00 por la finca número 9,828, inscrita al folio 130 del tomo 148 de Yabucoa; y (iii) $695,400.00 por la finca número 10,342, inscrita al folio 1 del tomo 157 de Yabucoa. Lo anterior, en abono parcial de las cantidades adeudadas bajo la Sentencia.

En particular, OSP solicitó la ejecución de un derecho de arrendamiento a favor del matrimonio López Rodríguez, sobre un inmueble localizado en el Barrio Emajagua de Maunabo. Añadió que, dicha propiedad estaba gravada por el derecho de arrendamiento y por una hipoteca sobre derecho de arrendamiento a favor del Banco de Desarrollo Económico para Puerto Rico, por la suma de $795,600.00. El matrimonio López Rodríguez otorgó un Contrato de Arrendamiento con el Municipio de Maunabo sobre esta finca y sobre el cual constituye la hipoteca. **OSP destacó que tenía interés de ejecutar la hipoteca que garantizaba el derecho de arrendamiento**.

Luego de varios trámites, el 12 de junio de 2026, el TPI emitió una *Orden,* mediante la cual sostuvo la autorización de la *Solicitud de Ejecución de Sentencia Suplementaria* instada por OSP y, por ende, el *Mandamiento de Ejecución de Sentencia.* En consecuencia, se ordenó la ejecución del Contrato de Arrendamiento detallado en la *Solicitud de Ejecución de Sentencia Suplementaria* y posterior venta en pública subasta del título, derechos y/o intereses del matrimonio López Rodríguez sobre el inmueble localizado en el Barrio Emajagua de Maunabo.

Insatisfecha, la parte peticionaria acude ante este foro revisor y le señala al foro *a quo* la comisión del siguiente error:

Erró el TPI al autorizar un embargo sobre un contrato de arrendamiento en el que el deudor es arrendatario.

Junto a su escrito, la parte peticionaria incoó una *Moción Urgente en Auxilio de Jurisdicción*, con el propósito de paralizar los efectos de la orden y del mandamiento de embargo impugnados mediante el recurso de *certiorari*, a fin de evitar un perjuicio indebido. Precisó que, la orden recurrida autorizaba medidas ejecutivas sobre un contrato de arrendamiento del cual no ostentaban titularidad dominical, sino una posición contractual de

arrendatarios. El 17 de junio de 2026, OSP presentó su alegato en oposición.

Mediante *Resolución* emitida y notificada el 18 de junio de 2026, ordenamos la paralización inmediata de los procedimientos del caso ante el Tribunal de Primera Instancia, hasta tanto este Tribunal otra cosa dispusiera.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Allio v. Santiago Chardón y otros*, 2026 TSPR 14, 217 DPR ___; *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023). La Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019). Las resoluciones u órdenes *postsentencia* no están comprendidas de forma expresa bajo ninguno de los incisos de la mencionada Regla. De imponerse las limitaciones de la Regla 52.1 de Procedimiento Civil a la revisión de dictámenes *postsentencia*, inevitablemente quedarían sin posibilidad alguna de revisión apelativa. *BPPR v. SLG Gómez-López,* 213 DPR 314, 336 (2023).

Así, este tipo de recurso debe evaluarse bajo los parámetros establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025), sobre los criterios para la

expedición del auto de *certiorari*. Véase, *IG Builders et al. v. BBVAPR*, 185 DPR 307, 339 (2012).[2]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

---

[2] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de las de Procedimiento Civil, *supra*.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
*Íd.*

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**B.**

El Artículo 59 de la Ley Núm. 210 de 8 de diciembre de 2015, según enmendada, conocida como *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico* (Ley Núm. 210-2015), 30 LPRA sec. 6086, sobre bienes y derechos hipotecables, dispone que **podrán ser hipotecados**:

[…]
7. **El derecho de arrendamiento inscrito, siempre y cuando el arrendatario esté facultado para enajenar, ceder, subarrendar o hipotecar su derecho.** La hipoteca que se constituya sobre el arrendamiento quedará sujeta a la resolución del arrendamiento por causas ajenas a la voluntad del arrendatario. Si la resolución se debe a causas atribuibles a la voluntad del arrendatario, el titular de la hipoteca podrá subrogarse en el lugar y grado del mismo en calidad de cesionario, bien por convenio entre los interesados o por decisión de un tribunal, quien podrá así acordarlo como medida provisional de cautela o en forma definitiva, dentro de los términos del contrato inscrito. En todo caso, el tribunal determinará las alteraciones o modificaciones en la deuda original de acuerdo con la equidad del caso. (Énfasis nuestro).
[…]

Por su parte, el Art. 60 de la Ley Núm. 210-2015, 30 LPRA sec. 6087, expresa que no son hipotecables:

1. Las servidumbres prediales, a menos que se hipotequen juntamente con el predio dominante.
2. Los usufructos legales, excepto el concedido al cónyuge viudo por el Código Civil de Puerto Rico, según enmendado.
3. El uso y la habitación.
4. Los bienes y derechos que no estén incluidos en el Artículo 59 de esta Ley.

En armonía con lo anterior, la Regla 56.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 56.1, le otorga poder al tribunal para dictar cualquier orden provisional que sea necesaria para asegurar la efectividad de una sentencia. A tales efectos, el tribunal podrá conceder el embargo, el embargo de fondos en posesión de un tercero, la prohibición de enajenar, entre otras cosas, o podrá ordenar cualquier otra medida que estime apropiada, según las circunstancias del caso. En todo caso en que se solicite un remedio provisional, el tribunal considerará los intereses de todas las partes y dispondrá según requiera la justicia sustancial.

**III.**

La parte peticionaria esencialmente arguye que, la *Orden* recurrida debe ser revocada porque autorizó un remedio que excede el alcance de la Regla 51.2 de Procedimiento Civil, ignora una restricción contractual expresa y permite una transferencia judicial que el propio contrato prohíbe sin el consentimiento previo del arrendador. Añade que el derecho que se pretende embargar no es un crédito líquido, una renta devengada ni un producto económico independiente, sino la posición contractual de ésta como arrendataria. Aduce que, consentir el embargo en esos términos equivaldría a modificar judicialmente el contrato e imponer al arrendador una relación contractual con un tercero no aprobado.

Por su parte, la parte recurrida alega que, la peticionaria no fundamenta con fuente jurídica verificable alguna por qué el derecho de arrendamiento en cuestión no se puede ejecutar y embargar. Puntualiza que el derecho a embargarse tampoco surge del listado de bienes exentos de ejecución que provee el Artículo 249 del Código de Enjuiciamiento Civil.[3] Destaca que el contrato de arrendamiento objeto del recurso de referencia sí tiene un valor económico y sí permite expresamente gravar o ceder el derecho de arrendamiento allí establecido, por lo que es parte de los bienes sujetos a ejecución para satisfacer la sentencia.

Tras un análisis ponderado del tracto procesal del caso, los argumentos de las partes y los documentos que obran en el expediente, determinamos no intervenir con la actuación del TPI en esta etapa de los procedimientos. El foro de instancia, como medida provisional necesaria para asegurar la efectividad de la *Sentencia Enmendada* dictada en el 2023, y en el ejercicio de la discreción que ostenta en el manejo de los casos, concedió la ejecución de cierto contrato de arrendamiento y posterior venta en pública subasta del título, derechos y/o intereses del matrimonio López Rodríguez (parte peticionaria) sobre un inmueble localizado en el Barrio Emajagua de Maunabo. Ello, ante el hecho de que los anteriores procesos de ejecución de sentencia no fueron suficientes y aun la parte peticionaria le adeuda a la parte recurrida una suma sustancial de dinero.

Según expuesto, el Art. 59 (7) de la Ley Núm. 210-2015 dispone que el derecho de arrendamiento inscrito es hipotecable, siempre y cuando el arrendatario esté facultado para enajenar, ceder, subarrendar o hipotecar su derecho. En consecuencia, los acreedores pueden reclamarlo para cobrar deudas. En el caso de

---

[3] 32 LPRA sec. 1130.

autos, la parte peticionaria no nos colocó en posición de intervenir con la determinación recurrida. Tampoco demostró que el TPI actuó con pasión, prejuicio, parcialidad o que incurrió en error manifiesto al emitir la *Orden.* En particular, no presentó documentación alguna que sustentara sus escuetas alegaciones de que el derecho de arrendamiento en cuestión no está sujeto a embargo.

Así las cosas, y ante la ausencia de alguna de las instancias contempladas en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* procede denegar la expedición del auto de *certiorari.*

**IV.**

Por las consideraciones que proceden, denegamos expedir el auto de *certiorari* solicitado.

Se deja sin efecto la paralización decretada y se devuelve el caso al Tribunal de Primera Instancia, Sala Superior de Humacao, para la continuación de los procedimientos.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria.

El Juez Rodríguez Flores disiente sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
